Feitosa v. Lynch

BIA
Straus, IJ
A088 444 273

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand sixteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           GERARD E. LYNCH,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

FRANCO ALVES FEITOSA,
>           *Petitioner,*

>           v.                                    15-254

>                                                 NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:        Maria Isabel A.N. Thomas, Law
                       Offices of Thomas and Thomas, LLC,
                       Princeton, New Jersey.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Assistant Director; Stefanie
                       A. Svoren-Jay, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Franco Alves Feitosa, a native and citizen of Brazil, seeks review of a December 31, 2014, decision of the BIA affirming a January 30, 2013, decision of an Immigration Judge ("IJ") denying Feitosa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Franco Alves Feitosa,* No. A088 444 273 (B.I.A. Dec. 31, 2014), *aff'g* No. A088 444 273 (Immig. Ct. Hartford Jan. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to review the agency's finding that Feitosa's asylum application was untimely filed. 8 U.S.C.

§ 1158(a)(3). Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Feitosa has raised no such colorable questions. To determine whether jurisdiction exists in an individual case, we "study the arguments asserted" to determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings . . . or whether it instead raises a 'constitutional claim' or 'question of law.'" *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). In this case, Feitosa simply "quarrels over the correctness of the factual findings," i.e., the IJ's determination that Feitosa's mental condition did not constitute an exceptional circumstance that would excuse the late filing. *Id.*

With respect to the agency's denial of withholding of removal based on past persecution, we review de novo whether past harm rises to the level of persecution, and for substantial evidence the agency's finding that persecution lacks a nexus to a protected ground. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 136 (2d Cir. 2012); *Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir. 2006). Substantial evidence supports the IJ's conclusion

3

that the rapes Feitosa suffered lacked a nexus to a protected ground: Feitosa did not allege any facts to support a nexus finding.

Nor did the agency err in concluding that Feitosa's expulsion from his family's home at age 17 did not rise to the level of persecution. Economic deprivation constitutes persecution "if its impact is an infliction of suffering or harm that on its own would be sufficient to constitute persecution." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (internal quotation marks omitted). While Feitosa's family withdrew housing and economic support, he found an alternate place to live and a job. Accordingly, the IJ's determination was not erroneous.

With respect to future persecution or torture, we review a determination regarding the likelihood of future events for substantial evidence. *Hui Lin Huang*, 677 F.3d at 134; *Yanqin Weng*, 562 F.3d at 513. In this case, Feitosa did not allege any individualized fear of future persecution (other than his claims of past persecution discussed above); accordingly, to prove his entitlement to relief, he had to show a pattern or practice of persecuting or torturing gay men in Brazil. *See*

4

*Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). His country conditions evidence consisted of two newspaper articles and one report. This evidence revealed numerous troubling incidents of violence towards gay men in Brazil. However, as the agency concluded, the evidence of approximately 188 killings of gay men based on their sexual orientation in 2012 is not enough to establish, by a clear probability, that the harm inflicted on gay men in Brazil is sufficiently "systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007) (accepting BIA's standard as reasonable); *see also Hongsheng Leng*, 528 F.3d at 142.

Finally, Feitosa's argument that the IJ was biased is not supported by the record. An adverse ruling, on its own, does not constitute judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Feitosa's argument that the IJ failed to consider evidence of country conditions is refuted by the record, and we do not require an IJ to "enumerate and evaluate on the record each piece of evidence, item by item." *Xiao Ji Chen*, 471 F.3d at 341. His argument that the IJ erred in failing

5

to request additional evidence fails because it was Feitosa's burden to establish his eligibility for relief.   8 C.F.R. § 1208.16(b), (c)(2).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk